[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESPONDENT'S MOTION OF COMPEL
Stauffer Chemical Company, Montrose Chemical Corporation of California and Waste Management, Inc. (collectively, the Insureds) move to compel the production of certain documents from the Hartford Steam Boiler Inspection and Insurance Co. (HSB) which have been withheld by HSB based upon a claim of privilege. Specifically, the Insureds seek an order determining that the documents at issue are not privileged and should be produced pursuant to this Court's order, dated August 29, 1990, as responsive to Stauffer's subpoena duces tecum. The court granted the motion of International Insurance Company (IIC) to be made a party to these proceedings. IIC joins HSB in opposition to the Insureds' motion.
The Insureds have sued IIC in other jurisdictions to recover benefits under policies issued by IIC providing environmental impairment liability (EIL) insurance. The Court has already ruled that documents in the possession of relating to EIL insurance in general as well as those relating specifically to EIL insurance issued by IIC to the Insureds are subject to discovery by the Insureds in preparation for their litigation against IIC. Such discovery, however, is subject to the attorney-client privilege and/or the attorney-work product privilege. HSB and IIC have asserted those privileges with respect to certain documents held by HSB.
At the hearing on the motion, a reinsurance contract or "treaty" between IIC as reinsured and HSB as reinsurer was admitted in evidence. The relationship between the two insurance companies, as credited by that treaty, provides the principal basis for their contention that the documents in question are protected by the attorney-client privilege and/or the attorney work product privilege. The treaty provides that HSB will reinsure a 7.5% share of certain EIL insurance issued by IIC, including that issued to the Insureds in this case. Article V of the treaty provides, CT Page 9226 in part, as follows:
 The Reinsurer agrees to abide by the loss settlement of the Reinsured, it being understood, however, that when so requested, the Reinsured will afford the Reinsurer an opportunity to be associated with the Reinsured, at the expense of the Reinsurer, in the defense of any claim or suit or proceeding involving this Treaty, and that the Reinsured will co-operate in every respect in the defense or control of such claim, suit or proceeding. The Reinsurer shall be liable for its share of the claim and all costs and expenses incurred in connection therewith excluding, however, salaries of employees and management expenses of the Reinsured.
Pursuant to that article, HSB is liable to ICC for 7.5% of all costs and expenses, including legal fees, incurred by ICC in defense against the insureds' claims under the EIL policies. HSB also has the option of providing defense efforts in addition to those undertaken by ICC. The costs and expenses chargeable to HSB under Article V are in addition to HSB's 7.5% share of any liability incurred by ICC to the Insureds.
The parties have stipulated that the documents in question may be divided into categories, seven of which are in contention. The Court will rule on each category separately.
Category A
This category consists of correspondence concerning EIL insurance between IIC and IIC's attorneys which has been distributed to HSB. The Insureds contend that IIC has waived the attorney-client privilege because it disclosed the communications to a third party. The Court disagrees. The legal and economic interests of IIC and HSB in the EIL insurance claims and lawsuits are inextricably linked by the reinsurance treaty. The fact that HSB is not a party defendant in those lawsuits is of little significance because HSB will automatically shares in any liability suffered by IIC. As indicated, HSB even shares in paying attorney fees and other costs incurred by IIC in the defense of those lawsuits. Furthermore, Article V of the treaty provides that IIC must cooperate with HBS so that the latter can determine whether and to what extent it should provide defense efforts in addition to the required 7.5% financial contribution. Such cooperation would naturally include communications between IIC attorneys and HSB and other communications subject to the privilege. The Court holds, under all of these circumstances, CT Page 9227 that the privilege is not waived but rather continues to protect the confidentiality of the communications. See U.S. v. Schwimmer, 829 F.2d 237, 243-244 (2nd Cir. 1989). The motion to compel with respect to Category A documents is denied.
Category B
These are documents which, although not directly authored by an IIC attorney, contain an IIC attorney's opinion. Such documents are protected by the attorney-client privilege and, in the case of those documents prepared for pending or anticipated litigation, the attorney-work product doctrine. The motion to compel with respect to Category B documents is denied.
Category D
These documents are likewise protected by the common interest rule set forth above in connection with the Category A documents. The motion to compel is denied.
Category E
This category consists or correspondence between HSB and solicitors in London. Such correspondence with solicitors who represent HSB or IIC is privileged. The motion to compel is denied with respect to that correspondence; the motion is granted with respect to correspondence with solicitors who do not represent HSB or IIC.
Category F
To the extent that these documents were prepared in connection with pending or anticipated litigation between IIC and the Insureds, they are protected by the attorney-client privilege and the work product doctrine. The motion is denied.
Category G
These documents are not privileged. The motion to compel is granted with respect to them.
Category H
This category consists of documents prepared by attorneys for third parties, presumably privileged when initiated, which have been communicated to HSB. Neither HSB nor IIC has standing to assert a privilege with respect to CT Page 9228 these documents. The motion to compel is granted with respect to them.
Maloney, J.